NEW YORK SUPPLEMENT. [Sup. Ct.

## O'REILLY v. VILLAGE OF SING SING.

*(Supreme Court, General Term, Second Department.* May 14, 1888.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—PROOF OF NEGLIGENCE.

Plaintiff, a man of 82 years, on a bright day, in a place with nothing to obstruct the vision, fell into a hole caused by the displacement of a flag-stone over a gutter on defendant's street. At the time, he was to some extent dazzled by the sun, and his attention attracted by some one calling. The flag had been displaced by a rain-storm a short time—probably a week—before the accident. The village authorities had notice of it, but plaintiff had none. The street was traveled considerably; and though the flags were not laid as a sidewalk, but merely to cover a gutter, there was no other walk on that side of the street, and they were used as a walk. *Held* suffi-cient evidence of negligence of the village officers to justify a verdict for plaintiff.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

In such case the question of contributory negligence of plaintiff was one for the jury, and a peremptory instruction that the plaintiff had been guilty of such negli-gence was properly refused.

Appeal from circuit court, Westchester county.

Action by Terence O'Reilly against the president and trustees of the village of Sing Sing for personal injuries resulting from a defective walk. Verdict and judgment for plaintiff. Defendants appeal. The facts proved were that a flag-stone in one of the walks of the village became misplaced by a rain-storm, and plaintiff, who was 82 years old, but whose eye-sight was good, on a bright, sunny day, fell into the hole and was injured. His attention was attracted, the moment before, by some one calling, when, turning his head, he fell. The flag-stone was three feet by four, and covered a gutter about three and one-half feet deep. The street was one much traveled; and there was evidence that the trustees knew of the condition of the flag, which had been displaced about a week. Plaintiff did not see the hole, nor know of it. There was nothing to obstruct his view. There was a sidewalk on the other side of the street also. Plaintiff's vision was obscured at the time by the sun shining in his face. There was also evidence that the flags were not laid for a walk at all, but simply for a covering to the gutter, but people walked over them frequently as a sidewalk. The court refused to charge that the plaintiff had been guilty of contributory negligence.

*John Gibney,* for appellant. *Francis Larkin, Jr.,* for respondent.

PRATT, J. This is an appeal from a judgment entered upon a verdict of a jury, and from an order denying a new trial upon the minutes. The action was for personal injuries sustained by plaintiff by reason of falling into a hole in the sidewalk. The evidence was conflicting, but there was no such preponderance in favor of the defendant as to justify setting aside the verdict. All the questions were fairly and clearly presented to the jury in a charge as favorable to the defendant as the evidence warranted. The question of plain-tiff's negligence is a proper one for the jury. The place where he received his injuries was a public highway; and a person rightfully using it, without notice of any defect, had a right to assume it was reasonably safe for travel. Whether he was negligent in failing to see the danger was a question for a jury to determine, in view of all the facts and circumstances surrounding the transaction. The plaintiff fully described all that happened prior to the acci-dent; and, if his testimony was to be believed, he made out a case of due care upon his part. That the street was out of repair is proved by a preponderance of evidence. Upon the question of notice to the village of the defect, the evi-dence was conflicting, but it is ample upon the part of the plaintiff to sustain the verdict. It was a fair inference that the defect had existed for at least a week prior to the accident; and, considering all the circumstances, the infer-ence of notice, as found by the verdict, must be upheld. We have examined with care the exceptions taken, and find no error sufficient to warrant setting

aside the verdict. The charge, taken with the requests, was more favorable to the defendant than the law and facts warranted. The judgment and order must be affirmed, with costs.